Dixon Gray v. The State of Texas ex rel. W. A. Langham.

No. 743. Decided January 23, 1899.

**1. Jurisdiction of District Court—Right to Office—Contested Election.**

The amendment to article 5, section 8, of the Constitution, and the Act of 1895 (Revised Statutes, article 1796), giving the district court jurisdiction to try contested election cases and providing the mode of contest, did not limit its power to determine the right to an office by any other existing mode of procedure. (P. 399.)

**2. Contested Election—Ballots—Preservation—Evidence.**

The general law on the subject of elections is not applicable to cities, and the election law as to them (Revised Statutes, article 390) does not provide for the preservation of ballots. There being no person designated by law to have possession, the burden was on the party seeking to use them to show that they are intact as deposited by the voters, and with this proof they are admissible in evidence, though kept in the vaults of a bank where they were placed by the mayor. (P. 399.)

**3. Election—Ballots—Numbers.**

Two ballots cast by different electors but bearing the same number should both be counted. Revised Statutes, articles 1738, 1741, are to be strictly construed and do not authorize, in the absence of other evidence, the rejection of a ballot not clearly excluded by their terms. (Pp. 399, 400.)

Questions certified by the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

*Votaw, Martin & Chester*, for appellant.—That the District Court had no jurisdiction of this suit in the manner it was attempted to be exercised: Commonwealth v. Garrigues, 70 Am. Dec., 103, 65 Pa. St., 41; 6 Am. and Eng. Enc. of Law, 1 ed., 389, sec. 7; Batman v. Megowan, 1 Metc. (Ky.), 533; Commonwealth v. Jones, 10 Bush. (Ky.), 725; Bonner v. Lynch, 25 La. Ann., 267; Cool. Const. Lim., 4 ed., 789; Guadalupe County v. Wilson County, 58 Texas, 228.

In support of our contention, that in a city election the ballots are inadmissible in evidence of the result of the election after they have once been counted by the presiding officers and fulfilled their mission: Batts' Ann. Civ. Stats., art. 390; Owens v. State, 64 Texas, 500; Fowler v. State, 68 Texas, 33; Seay v. Hunt, 55 Texas, 556; Cool. Const. Lim., 4 ed., 789.

Where two ballots bear the same number, neither is capable of being identified as the ballot of any particular voter, and can not be counted.

*O'Brien, Bordages & O'Brien* and *G. C. Greer*, for appellee Langham.

*M. L. Broocks*, District Attorney, for the State.—This proceeding is within the meaning of the Constitution (article 5, section 8) a suit, complaint, or plea, wherein the matter in controversy exceeds $500, and therefore the District Court has jurisdiction to try it; and the enlargement of the jurisdiction of said court by the amendment of the Constitution of 1891, so as to try "contested elections" (technically so called, wherein the court can merely declare which of the opposing candidates is entitled to a certificate of election, or set aside the election and order another), did not abolish its jurisdiction to try a suit wherein the right

to and the emoluments of an office were involved, and a judgment for the same could be entered. Const., art. 5, sec. 8; Rev. Stats. 1895, arts. 1793-1804u; Williamson v. Lane, 52 Texas, 335; State ex rel. Jennett v.Owens, 63 Texas, 261; State v. Thompson, 88 Texas, 228.

Ballots are within the very nature of things under the common law original and primary evidence, and when shown to be intact are admissible to contradict the returns. If a custody is prescribed by the law for ballots and upon the trial they are shown to come from that custody, they are prima facie admissible, without a further showing, to controvert the returns. But if a custody is prescribed by the law and the ballots are not shown to come from that custody, or if no custody is prescribed under the law, then, in either of such cases, the burden is on the party seeking to introduce them in evidence, first to show that the ballots are genuine and intact; and when it is so shown they are admissible, to controvert the returns. The laws of this State for city elections, as well as for other elections, provide for the preservation of ballots, and for contesting elections, thereby showing that it was intended that the ballots should be used as primary evidence in all election contests to controvert the returns. The law has provided a custody for the ballots cast in city elections. Rev. Stats. 1895, arts. 390, 1729, 1734, 1747, 1748, 1751, 1792, 1810: State v. Owens, 63 Texas, 261; Hunnicutt v. State, 75 Texas, 233; Hudson v. Solomon, 19 Kan., 180; People v. Livingston, 79 N. Y., 279; People v. Holden, 28 Cal., 123; McCrary on Elections, secs. 291, 239; 6 Am. and Eng. Enc. of Law, 424, subdiv. 8; Rev. Stats. 1895, arts. 390, 1729, 1734, 1747, 1748, 1751, 1792, 1810.

The statutes only forbid ballots with no numbers corresponding to numbers on the poll list; and the statute on this question must be construed literally in favor of the right of the voter to have his ballot counted; and the courts will not extend by implication the prohibition beyond the letter of the statute. Rev. Stats. 1895, arts. 1738, 1741; Owens v. State ex rel. Jennett, 64 Texas, 509; Williams v. State, 69 Texas, 368; State ex rel. Millican v. Phillips, 63 Texas, 390; Behrensmeyer v. Kreitz, 26 N. E. Rep., 704.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District has certified to this court the following statement and questions:

"The above entitled and numbered cause is an appeal pending in this court from a judgment of the District Court of Jeffereson County in a suit by quo warranto to try the title to the office of marshal of the city of Beaumont. The appellant Dixon Gray and the appellee William A. Langham were opposing candidates for that office at an election held on Tuesday, the 5th day of April, 1898. The returns of the election made by the election officers showed that Gray had received 560 votes and that Langham had received 553 votes. Gray was declared elected by the city council, and thereupon qualified and entered upon the duties of the office. The district attorney of the first judicial district filed a petition

in the name of the State of Texas at the relation of Langham to oust Gray from the office and induct Langham therein.  The case was tried by jury and resulted in a verdict and judgment in favor of the relator.

"The city of Beaumont is incorporated under the general laws of the State as a city of 1000 inhabitants or over.  It is divided into three wards, and at the election in question the polls were opened in each of the wards and returns were duly made of the result of the election in the several wards by the election officers thereat.  The presiding officers delivered the returns to the mayor in the presence of the city council on the next day after the election, as well as the ballots, which were sealed up in boxes with the name of the presiding officers written across the seal.  The city council on same day opened the returns, computed them, and declared the result of the election.  The boxes containing the ballots were on the same day taken by the mayor and deposited for safe keeping in the vault of the First National Bank of Beaumont, where they remained intact until they were produced before the court at the trial below in obedience to a subpoena duces tecum.  It was shown by the uncontroverted testimony of the several presiding officers, the mayor, and the officers and employes of the bank, and by the physical appearance of the boxes, that the boxes had been safely kept and had not been tampered with.  The court ordered the boxes opened and the ballots to be counted in the presence of the jury.  Upon the recount, there was a difference of four votes in favor of the relator.  The court submitted the result of the count to the jury as a basis for the deduction of illegal votes as might have been shown to have been cast for the parties respectively.

"During the counting of the ballots, it appeared that some of the ballots bore duplicate numbers; for example, there were two ballots bearing the number 14.  There were three duplicates or six ballots thus affected. The respondent objected to the counting of these ballots and took a bill of exceptions to the action of the court in permitting it to be done, but the bill of exception does not show that the numbers on the ballots did not correspond to the same numbers upon the poll list.

"Upon the facts above stated, questions arise which are certified to the Supreme Court for decision as follows:

"1. Had the District Court jurisdiction of the suit?  It is contended by the appellant that since the amendment of the Constitution in 1891 and the passage of the law in 1895 giving the district court jurisdiction to try cases of contested elections and providing the mode of contest, the district court has no longer jurisdiction to entertain a suit to try the right to an office.

"2. Were the ballots admissible in evidence?  Has the law prescribed a custody in which the ballots cast at a city election shall be kept?  If not, should the ballots in question, not having come from a custody prescribed by law, though sworn to be intact, be received in evidence to contradict the returns?

"3. Was the action of the court correct in requiring the duplicate ballots to be counted?"

We answer the first question, that the District Court had jurisdiction to try this suit. The amendment to article 5 of the Constitution, which conferred power on that court to try contested elections, enlarged its jurisdiction, and the expression of the authority to try such cases did not limit its power to determine the same question by any other existing mode of procedure.

To the second question, we answer that the ballots were admissible in evidence under the facts stated. The provisions of the general law on the subject of elections embraced in our Revised Statutes are not applicable to elections held in cities of the character of the city of Beaumont. Article 390 of the Revised Statutes, which was enacted in 1895, prescribes minutely the manner of making returns of elections held in such cities, but it does not provide for the preservation of the ballots used by the electors. There being no person designated by law to have possession of the ballots, it devolved upon the party seeking to use them to show that they were the very ballots deposited by the electors at the election in question, and that they had been carefully preserved so as not to be exposed to the interference of interested parties, and that they were in fact intact just as they were when so deposited by the voters. Newton v. Newell, 26 Minn., 529; Reynolds v. State, 61 Ind., 392; Dorey v. Lynn, 31 Kan., 758; Fowler v. State, 68 Texas, 30; State v. Owens, 63 Texas, 269; Williams v. State, 69 Texas, 368. The evidence in this case showed that the ballots which were offered were admissible under the rule above stated.

We answer the third question in the affirmative. Article 6, section 4, of the Constitution, commands the Legislature to provide by law for the numbering of all ballots. The Legislature in obedience to that command enacted articles 1738 and 1741, of the Revised Statutes, which provide as follows:

"Art. 1738. Each of the clerks of an election shall keep a poll list upon which he shall write and number the name of each person who votes at the time of his voting, and one of the judges of election, in every case, shall receive the ballot, and at the time of receiving it shall write upon it the voter's number corresponding with the number on the clerk's poll list, and shall immediately place the ballot in the ballot box."

"Art. 1741. No ballot which is not numbered as provided in article 1738 shall be counted, nor shall either of two or more ballots folded together be counted, and where the names of two or more persons are upon a ballot for the same office, when but one person is to be elected to that office, such ballot shall not be counted for either of such persons."

These articles are to be strictly construed, and will not authorize the rejection of a ballot that does not come clearly within their terms. Williams v. The State, 69 Texas, 371. In the case just cited, the court said: "The exceptions which exclude the ballot must be restricted rather than extended, and it must be admitted, if the spirit and intention of the law is not violated, though a literal construction would vitiate it, and the will of the people expressed at the ballot box must be respected and the result

must not be set aside except for causes plainly within the purview of the law." The purpose of the framers of the Constitution and of the Legislature was to provide the means of identifying each ballot so as to determine by whom it had been cast, and thus to enable a court to ascertain if the ballot offered was in fact cast by such elector. If two names be written upon the poll list and each given the same number, as for instance "14" uncertainty would exist as to which ballot was cast by either of the voters named, but this could be readily solved and made certain by calling the electors themselves. It does not appear in this case that there were not two names upon the poll list in each case having the same number, and we believe that such a state of facts evidences only a mistake in those who were writing and numbering the names and the ballots. The ballots objected to do not come within the letter of article 1741, for each ballot is numbered. They do not fall within the spirit of the law, because the means of identification is furnished by the names of the voters written on the poll list. So long as it appears from the facts that the ballots were in fact fairly cast by the electors they must be counted unless prohibited by law. State v. Philips, 63 Texas, 393. The giving of the same number to different voters and placing it upon different ballots might be carried to such an extent as to evidence an intent to perpetrate a fraud, and therefore bring it within the spirit of the law prohibiting them to be counted, as if there were in fact no number placed upon such ballots. But the facts of this case do not demand that this rule should be applied to the ballots objected to.