## GRIFFITH v. STATE ex rel. AINSWORTH.
## (No. 1017.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 13, 1919.)

1. QUO WARRANTO ⬤⟶11 — TO TRY TITLE TO
COUNTY OFFICE.

The action of quo warranto is the proper
proceedings to try title to a county office.

2. QUO WARRANTO ⬤⟶29—TRIAL OF TITLE TO
OFFICE BEFORE QUALIFICATION OF SUCCES-
SOR.

Although a county judge is entitled to hold
the office until his successor is elected and qual-
ified, quo warranto will lie before his succes-
sor has qualified.

3. ELECTIONS ⬤⟶293(1) — INSUFFICIENCY OF
PAPERS SHOWING RETURNS AS EVIDENCE.

In view of Vernon's Sayles' Ann. Civ. St.
1914, arts. 2994, 3024, and 3031, relating to
counting and canvassing of election returns, the
admission in evidence of papers designated as
tally sheets and election returns for the pur-
pose of showing an election was error, where no
one testified as to who prepared the papers, nor
that they were accurately made and they were
only signed by a clerk, and not in such form as
to constitute any part of the lawful return of
an election.

4. EVIDENCE ⬤⟶158(19) — BALLOTS AS BEST
EVIDENCE.

In a quo warranto proceeding to determine
title to the office of county judge, where there
was positive proof of the existence of the bal-
lots, it was improper to permit the voters to
testify as to how they voted because such testi-
mony was secondary evidence not admissible
without accounting for absence of the best evi-
dence.

Appeal from District Court, Pecos County;
Jas. Cornell, Judge.

Petition in quo warranto by the State of
Texas, on the relation of L. W. Ainsworth,
against H. B. Griffith. Judgment in favor
of relator, and respondent appeals. Re-
versed and remanded.

See, also, 210 S. W. 293.

Snodgrass, Dibrell & Snodgrass, of Cole-
man, for appellant.

Jackson & Isaacs, of El Paso, Wright &
Harris, of San Angelo, and R. D. Blaydes and
Howell Johnson, both of Ft. Stockton, for
appellee.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HARPER, C. J. This is a quo warranto instituted by the state of Texas, through its district attorney, R. D. Blaydes, upon the relation of L. W. Ainsworth, to oust the appellant, H. B. Griffith, from the county judge's office of the county of Upton.

The case was filed in said county and subsequently transferred to Pecos county by agreement of the parties, and in the latter county tried by the court without a jury, and from a judgment in favor of Ainsworth this appeal is prosecuted.

[1] The first proposition is that the court should have sustained appellant's exceptions to the plaintiff's petition, because it showed upon its face that he (respondent) was the rightful holder of the office as holdover until the qualification of his successor; therefore could not be removed therefrom by proceeding in quo warranto.

The petition charged and the facts are:

That appellant was the elected and qualified county judge of Upton county for the term beginning November, 1916.

That relator, Ainsworth, was the Democratic nominee for the election of 1918, and that after the election the commissioner's court of the county met to canvass the returns, but upon inspection of the returns entered the following order:

"On this day came on to be canvassed the returns of a general election, and it appearing to the court that the said returns are insufficient as there has been no certificate made to said returns by the judges and clerks of said election, * * * it is therefore ordered by the court that said election be held for naught, and that the several county officers of said county, who are now duly qualified, remain in their respective offices until a successor be duly elected and qualified."

The action of quo warranto is the proper proceeding to try title to a county office, and will lie when the commissioners' court have failed or refused to convass the returns. Dean v. State, 88 Tex. 290, '30 S. W. 1047, 31 S. W. 185; Buchanan v. Graham, 36 Tex. Cr. App. 468, 81 S. W. 1237.

[2] Appellant is correct in his suggestion that he is entitled to hold the office until his successor is elected and qualified, and the the trial court so held and rendered judgment accordingly; but his further contention that the quo warranto will not lie until the successor has qualified is not well taken. Little v. State, 75 Tex. 616, 12 S. W. 965.

[3, 4] The court permitted a number of witnesses to testify that they voted for appellant for county judge at the election, to which appellant objected for the following reasons:

(1) Not the best evidence; (2) the ballots cast by the witnesses were the best evidence; (3) because the testimony of the witnesses does not show legal votes; (4) because the statute requires the result of the election to be shown (1) by returns properly certified to by the election officers, (2) by the legal ballots cast in the election and preserved as required by the statute, and in the absence of showing the loss or destruction of the ballot cast parol evidence of the individual voter is inadmissible to show how he voted. The action of the court in overruling the objections is assigned as error. In this connection the court permitted two papers, designated "tally sheet" and one called "election returns," to be introduced in evidence for appellee, to the introduction of which the following objections were made: (1) It is a mere hearsay statement. (2) Is secondary evidence. (3) The original ballot is the primary evidence. (4) Because there were no returns made out and properly certified to by the managers of the election as required by article 3024, Rev. Stat. (5) Because the statute does not make the tally list kept by the presiding officer in his custody after the election any evidence of the votes cast or authorize same to be used in the contest of said election. (6) Because the statute contemplates that the result of the election in the first place shall be ascertained by returns, properly certified to, as required by articles 3024 and 2994, Vernon's Sayles' Revised Statutes of Texas, by all of the managers of the election in person in the first place, and, in case of said returns not being properly made, then by an inspection of the original ballots themselves, if in existence, there being no evidence offered of the loss or destruction of said ballots. (7) Because the said tally list is only the act of the clerk keeping same and is not an official act of the managers of the election, and not certified by said managers. (8) Because no evidence was offered showing the loss and destruction of the original ballots. These objections were overruled, and the evidence admitted to which appellant duly excepted. The contention then is that these papers and the testimony of the witnesses as to how they voted being all the evidence introduced to prove that appellee was elected to the office of county judge, being inadmissible, in view of the fact that the ballot box containing the original ballots was in the court room, because they were secondary evidence, the trial court erred in rendering its judgment for relator and its order ousting respondent from the office sued for.

Article 3024, Vernon's Sayles' Statutes, reads:

"When the ballots have all been counted, the managers of the election in person shall make out triplicate returns of the same, certified to be correct, and signed by them officially, showing: First, the total number of votes polled at such box; second, the number polled for each candidate; one of which returns, together with poll lists and tally lists, shall be sealed up in an envelope and delivered by one of the

precinct judges to the county judge of the county; another of said returns, together with poll lists and tally lists, shall be delivered by one of the managers of election to the clerk of the county court of the county to be kept by him in his office open to inspection by the public for twelve months from the day of the election; and the other of said returns, poll and tally lists shall be kept by the presiding officer of the election for twelve months from the day of election."

And article 3031 is:

"No election returns shall be opened or estimated, unless the same have been returned in accordance with the provisions of this title."

The papers above mentioned were all the returns offered. One of them was shown to have been in the possession of the presiding officer after the election according to witnesses Wright and Love's testimony, until turned over to them later, some time before the trial. The only signature to the certificate thereto was that of M. M. Longino, clerk. No one testified as to who prepared the papers, nor that they were accurately made. It follows that such papers were in no such form as to constitute any part of a lawful return of this election, or any evidence of probative value that relator was elected. And since there was positive proof of the existence of the ballots, the voters were improperly permitted to testify as to how they voted, because such testimony was secondary evidence, and not admissible over objection without accounting for the absence of the best evidence. State v. Owens, 63 Tex. 268; Id., 64 Tex. 505; Gray v. State, 92 Tex. 396, 49 S. W. 217; Savage v. Umphries, 118 S. W. 893.

Thus, we are left without legal evidence to support the judgment of the court, for which reason the case is reversed and remanded.