STATE ex rel. MOORE v. MEHARG, Secretary of State, et al.   (No. 11770.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 9, 1926. Rehearing Denied Oct. 16, 1926. Writ of Error Refused Oct. 27, 1926.)

1. Elections ⬩231—Statute held not to limit primary expense of candidate for state senator to $800, where only one primary was necessary to determine his candidacy (Rev. St. 1925, arts. 3168, 3170, 3170a, 3172).

Rev. St. 1925, art. 3170, limiting expenditure for nomination as state senator to $1,000, four-fifths to be expended in campaign preceding first primary and remainder in campaign preceding second primary, held not, in view of articles 3168, 3170a, 3172, to limit expense of candidate for state senator to $800 in first primary election, where only one primary was necessary to determine his candidacy.

2. Evidence ⬩45.

It is common knowledge that a Democratic primary election in this state is equivalent to a general election.

Appeal from District Court, Wichita County; W. W. Cooke, Judge.

Suit by the State, on the relation of W. R. Moore, to enjoin Mrs. Emma Grigsby Meharg, Secretary of State, and another from certifying to the county clerks, composing the Twenty-Third Senatorial District, the name of W. D. McFarlane as the Democratic nominee to be placed upon ballots for the next election. From a judgment denying the injunction, plaintiff appeals, and defendant W. D. McFarlane filed cross-assignment of error. Affirmed.

O. O. McCurdy, of Vernon, and C. C. McDonald, Harvey Harris, and J. S. Dickey, all of Wichita Falls, for appellant.
Bullington, Boone, Humphrey & King, and Taylor, Muse & Taylor, all of Wichita Falls, and Storey & Leak, of Vernon, for appellees.

DUNKLIN, J. In the Democratic primary election, held on July 24, 1926, for the nomination of a candidate for the office of state senator for the Twenty-Third senatorial district of Texas, composed of the counties of Archer, Baylor, Clay, Foard, Hardeman, Knox, Wichita, Wilbarger, and Young, J. D.

---

Parnell and W. D. McFarlane were the opposing candidates and the only candidates in the race. In said election W. D. McFarlane received a majority of all the votes cast in the senatorial district.

Invoking provisions of articles 3170 and 3170a, Revised Civil Statutes of 1925, Hon. O. O. McCurdy, county attorney of Wilbarger county, upon relation of W. R. Moore, a citizen and taxpayer residing in Wilbarger county, instituted this suit in the name of the state of Texas against Mrs. Emma Grigsby Meharg, secretary of state, and W. D. McFarlane, to enjoin the secretary of state from certifying to the county clerks of the counties composing the Twenty-Third senatorial district the name of W. D. McFarlane as the Democratic nominee to be placed upon the ballots to be voted at the next general election. The grounds upon which that action was based consisted in allegations that Mr. McFarlane had knowingly violated, and had knowingly permitted and assented to the violation of, the provisions of article 3170 of chapter 14, title 50, Revised Civil Statutes of 1925, in that in his campaign for the nomination McFarlane had expended sums of money far in excess of $1,000, and that by reason thereof he had forfeited his right to have his name placed upon the ballots to be used at the next general election to be held in November, 1926. An itemized statement of the expenditures alleged to have been so made was included in plaintiff's petition. By proper pleadings all such allegations were duly controverted.

By consent of all parties the case was transferred to the district court of Wichita county, of the Seventy-Eighth judicial district, in which it was tried. On September 3, 1926, judgment was rendered denying to plaintiff the injunction prayed for. From that judgment the plaintiff has prosecuted this appeal. The case was tried without a jury, and the trial judge filed findings of facts and conclusions of law.

The defendant McFarlane filed with the secretary of state verified statements of funds expended and liabilities incurred in the conduct of the campaign, in compliance with requirements of article 3172 of the Statutes. The last statement filed by the candidate was verified by him on July 31, 1926, and included therein is an item aggregating $410.35, which had been previously included in his report first filed, and in which report various items were given which aggregated that sum. The last report included further items of expense aggregating $709.70, thus showing that all expenditures made aggregated $1,120.05.

The trial judge found that there were only two candidates in the race for the office, namely, J. D. Parnell and W. D. McFarlane, and that the latter had received a majority of the votes in the primary election held on July 24th. There were further findings as follows:

"(3) That the sworn campaign account by W. D. McFarlane shows a total expenditure, including contributions, in the sum of $1,122.

"(4) That there were contained in said statement items of expenditures which should not have been properly included in said statement, in determining the maximum amount of said candidate's expenses, which sum was erroneously included in the amount of $247, as shown by the following items, to wit:

| | |
|---|---|
| (a) Amount expended to get name on ticket.. | $ 9 00 |
| (b) Advertising by other parties without said candidate's knowledge or consent...... | 58 15 |
| (c) Meals while on other business than campaign .................................. | 9 65 |
| (d) Telephone and telegraph expenses........ | 8 20 |
| (e) Advertising in People's Press, being contributed by other parties, without knowledge or consent of candidate..... | 150 00 |
| (f) Motion picture slides paid by other than candidate .............................. | 12 00 |
| Total .................................. | $247 00 |

"—leaving items charged as proper expenditures in said campaign by W. D. McFarlane in the sum of $875.

"(5) I find that the statement of said W. D. McFarlane is correct in the amount of actual expenditures made by himself and contributions made by others.

"(6) I further find that the item of $151 paid to the Record News Company was incurred in the following manner: An advertisement was handed to said paper by W. D. McFarlane shortly before the primary election, together with his check for said amount; that said advertisement was materially changed by the paper before publishing, and so changed and published by said paper without the consent or knowledge of said McFarlane. After said McFarlane ascertained the change in said advertisement, he ordered the bank on which his check was drawn to stop payment of same, but later, after the primary election, upon the advice of his father, allowed said bank to pay said check, and it was accordingly paid. I have therefore included this item as a proper expenditure to be charged against said W. D. McFarlane in determining the maximum amount allowed by law, fixing the limit of his expenditures.

"Conclusions of Law.

"From the foregoing facts, I conclude, as a matter of law, that, there being only one primary, said McFarlane had the right to expend $1,000, and is therefore not guilty of violating any provision of the law relating to the unlawful expenditures of money in the primary election."

[1] Appellant has challenged the findings of the trial judge that the items which are set out as being improperly included in the sworn campaign account, aggregating $247, as being contrary to and unsupported by the evidence introduced upon the trial, save and except the item of $9 paid by the candidate to get his name on the ticket, which appellant admits was not properly included in the account under the provisions of article 3170a, Revised Civil Statutes. The item of $150 for "advertising in People's Press, being contributed by other parties without knowledge or consent of candidate," as found by the trial

judge, is the principal item upon which the attack is made. We deem it unnecessary to set out and discuss the evidence in full bearing upon the item so-challenged, or any of the other items challenged. We deem it sufficient to say that we have carefully examined the evidence shown in the statement of facts, and have reached the conclusion that the assignment of error now under discussion should be overruled.

Article 3170 of the Statutes prescribes the purposes for which money or anything of value may be expended by a candidate for a nomination in a primary election. Following an enumeration of those purposes, the same article further provides that such expenditures "shall not exceed the following amounts for each candidate for each of the following offices, to wit:  *  *  *  For member of state senate, $1,000.  *  *  *  Four-fifths of the sums stipulated in this article as the limits of expenses to be incurred by candidates and their campaign managers may be expended in the campaign preceding the first primary, and the remainder in the campaign preceding the second primary."

Article 3168 of chapter 14, title 50, of the Statutes, reads in part as follows:

"In all cases where second primary elections may be held in compliance with any law of this state, the first and second primary elections shall for the purposes of this law be considered together as one primary election."

[2] Appellant insists that under and by virtue of the provisions quoted above from article 3170, four-fifths of the maximum of $1,000, to wit, $800, was the maximum amount which defendant McFarlane could lawfully expend in his campaign for the office, and that since the trial judge found that Mr. McFarlane's expenditures amounted to $875, after deducting $247 from the total report in his sworn statement, that judgment should have been rendered granting plaintiff the injunction prayed for in the petition. We are unable to concur with appellant in that construction of the statutes. It is explicitly provided in the statutes that the campaign expenses in the race by a candidate for election to the state senate in a primary election shall be limited to $1,000. That necessarily implies that the candidate may lawfully expend that sum. The article further specifically permits the expenditure of $1,000 in case there are two primary elections, four-fifths to be spent in the first election and one-fifth in the second. The condition limiting the expenditure to four-fifths of $1,000 did not arise in the primary election now in controversy, since there was only one primary election held for the office of state senator, there being only two candidates and Mr. McFarlane receiving a majority of all the votes cast. Such being the facts, he could lawfully spend the $1,000 fixed as a limit for campaign expenses. Other articles of the statutes clearly show that it was the intention of the Legislature that the candidate in such a race who receives a majority of the votes cast shall be considered the nominee for the office and his name shall be placed upon the ballots to be cast in the next general election. That general purpose of the Statutes should not be disregarded unless it clearly appears from the provisions of article 3170, and other provisions of chapter 14, tit. 50, referred to above, that the candidate who has received a majority of the votes has violated the provisions of that article. Gray v. State, 92 Tex. 396, 49 S. W. 217; Ashford v. Goodwin, 103 Tex. 491, 131 S. W. 535, Ann. Cas. 1913A, 699. Indeed it is a matter of common knowledge in this state that a Democratic primary election, held in accordance with our statutes, is virtually decisive of the question as to who shall be elected at the general election. In other words, barring certain exceptions, a primary election is equivalent to a general election.

Appellee McFarlane has filed a cross-assignment of error to the finding of the trial judge that the item of $151, paid to the Record News Company, should be included in the list of expenditures which go to make up the maximum of $1,000. It is insisted that the facts found by the trial judge with reference to that item, appearing in paragraph 6 of his findings of fact, show that that item should not have been so included. If that contention should be sustained, then the total expenditures with which the candidate was properly chargeable in determining the maximum of expenses allowed would be well under $800, or, in other words, less than four-fifths of $1,000. While the contention so made impresses us with some force, yet we deem it unnecessary to determine its merits, in view of the conclusion expressed above.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.