## GATES v. HAYS.

### No. 9828.

Court of Civil Appeals of Texas. San Antonio.

March 25, 1936.

Rehearing Denied July 1, 1936.

Ditzler H. Jones, of Uvalde, for appellant.

Mary West and Jackson & Crawford, all of Crystal City, and K. K. Woodley, of Sabinal, for appellee.

MURRAY, Justice.

Appellant, Norman W. Gates, instituted this suit in the district court of Zavala county against appellee, E. W. Hays, seeking to contest the result of an election held on November 6, 1934, at which election appellant and appellee were opposing candidates for the office of county commissioner of precinct No. 2, Zavala county. On November 12, 1934, the canvassing committee met, canvassed the election returns and declared appellee, Hays, elected to the office. On November 9, 1934, appellant caused a notice of his intention to contest, together with a copy of his petition, to be served upon appellee, and on the same day filed his election contest with the clerk of the district court. On January 1, 1935, Hays, having received a certificate of election, gave bond as required by article 3048, R.S.1925, took the oath and assumed the duties of the office of county commissioner of precinct No. 2.

Thereafter, on January 10, 1935, appellant, Gates, filed his first amended petition, in which he attempted to change his cause of action from an "election contest," to a "suit for office and its emoluments."

Citation was prayed for and accordingly issued. The cause was thereafter continued that service might be perfected. At the next term of the court appellee filed his plea in abatement, based upon the grounds that appellant had not invoked the jurisdiction of the court to hear his election contest, because he served the notice required by article 3042 before the return day of the election, instead of within thirty days after said return day; and, further, that appellant should not be permitted to change an election contest to a suit for office by filing an amended petition.

The trial judge sustained the plea to the jurisdiction and dismissed the cause, from which judgment of dismissal appellant, Gates, has prosecuted this appeal.

The first question with which we are confronted is, whether or not our election statutes are to be construed as an exclusive remedy by which courts may inquire into the manner and form of conducting elections.

It has been held in this state that in all elections other than one of a person to an office, our statutes, articles 3041 to 3075, R.S.1925, provide the only and exclusive remedy for contesting such an election. 16 Tex.Jur. § 115, p. 142; Treaccar v. City of Galveston (Tex.Civ.App.) 28 S.W.(2d) 276; Thurston v. Thomas (Tex. Civ.App.) 7 S.W.(2d) 105. It is also equally as well settled that in an election for an office, our election contest statutes are not the exclusive remedy available to a candidate who contends that he was in fact elected at such election. Three remedies are available to him. He may bring an election contest under provisions of section 8, article 5, of the Constitution and article 3041 to article 3075, R.S.1925, known as the election contest statutes, which statutes carry into effect this constitutional provision; secondly, he may, with the joinder of the proper county or state official, bring, in the name of the state of Texas, a proceeding in the nature of a quo warranto; and, thirdly, he may bring a civil suit for the office and its emoluments. 16 Tex.Jur. 151; Gray v. State, 92 Tex. 396, 49 S.W. 217, 218; Stubbs v. Moursund (Tex.Civ.App.) 222 S.W. 632; Shipman v. Jones (Tex.Civ.App.) 199 S.W. 329.

This very question was answered by the Supreme Court in the case of Gray v. State, opinion by Justice Brown, in the

following language: "We answer the first question, that the district court had jurisdiction to try this suit. The amendment to article 5 of the constitution, which conferred power on that court to try contested elections, enlarged its jurisdiction, and the expression of the authority to try such cases did not limit its power to determine the same question by any other existing mode of procedure."

The Supreme Court had formerly, apparently, decided this question to the contrary. Wright v. Fawcett, 42 Tex. 203, opinion by Justice Gould. We quote from the opinion as follows: "Where the law has provided a mode of deciding cases of contested elections, designed to be final, the courts have no authority to adjudicate such cases, other than that the law may give to them." The case of Lindsey. v. Luckett, 20 Tex. 516, is cited in the opinion and turning to that opinion, by Justice Roberts, we find good reasons why election contest statutes should be made an exclusive means of contesting the result of an election. Quoting from the opinion:

"Nor can it be reasonably supposed that the Legislature intended that a question as to the validity of the election, as between the candidates, should remain open during the whole term of service. * * *

"Again, it is the policy of the government that these disputes between individuals for office should be summarily and promptly settled."

However, notwithstanding the above reasons, and many others which might be suggested, requiring that a speedy election contest, as provided by the Constitution and Statutes, should probably be the only and exclusive manner of inquiring into the form and manner of conducting the election and the canvassing and declaring of the result thereof, there can be no question but what, by a number of decisions of the courts of this state, the law does permit an unsuccessful candidate at an election to ignore the very efficient statutory remedy available to him of contesting the election, and at any time within two years thereafter institute a suit for the office and its emoluments, basing his suit upon the contention that he in fact received the most legal votes at the election. Shipman v. Jones (Tex.Civ.App.) 199 S.W. 329, and authorities therein cited. In State ex rel. Jennett v. Owens, 63 Tex. 261, it is said: "But if in a suit for the

office which they can entertain, the claimant's title is traced through a popular election, there can be no more objection to his showing as a muniment of title that he was duly chosen to the office by the people than to a plaintiff's showing in any case that he derived the right to his property by a just and legitimate chain of title."

This principle seems to have been recently recognized in Ramsay v. Wilhelm (Tex. Civ.App.) 52 S.W.(2d) 757, which was a suit for the office of mayor of the city of San Marcos. The title to the office was traced through the election back to the votes.

We next come to the question of election of remedies. Appellee contends that appellant having filed a statutory election contest and appellee having given bond as required by article 3048, R.S.1925, appellant is bound by the doctrine of election of remedies and ought not be permitted to change his cause of action to that of a suit for office. We do not agree with this contention. It is definitely decided that unless the notice required by article 3042, R.S.1925, is served upon a contestee within thirty days after the return day of the election the jurisdiction of the court has not been invoked to hear and decide an election contest. 16 Tex.Jur. § 123, p. 157. It is shown herein that the notice was served on appellee before the return day of the election, and therefore did not meet the requirements of the statutes, and therefore the jurisdiction of the district court was never invoked to hear and determine an election contest. It was upon this theory that the trial judge sustained the plea in abatement. Appellant, having failed to invoke the jurisdiction of the trial court to hear an election contest, cannot be held to have elected to pursue that remedy.

Appellant, in his amended petition, makes it quite plain that he intends to abandon his election contest and change his cause of action to that of a suit for office and its emoluments. The rules of pleading permit such an amendment. Townes' Texas Pleading (2d Ed.) pp. 452–457. It might be contended that the filing of amended pleadings is a matter addressed to the discretion of the trial judge. However, here the trial judge permitted the amended petition to be filed and continued the cause for one term that service of citation on appellee might be had, and it cannot now be contended that the amend-

ment was without the consent of the trial judge.

We therefore conclude that appellant has a right to maintain a suit for the office of county commissioner of precinct No. 2; that he is not bound by the doctrine of election of remedies, not having invoked the jurisdiction of the district court for the purpose of hearing and determining his attempted election contest; that in a suit for office he has a right to trace his title to the office through a popular election to the votes cast in the election, and that the trial judge committed error in sustaining appellee's plea in abatement and in dismissing appellant's cause of action.

Accordingly the judgment of the trial court will be reversed, and this cause remanded.

Our original opinion will be retired, and this opinion adopted in its place.

Reversed and remanded.