Barth vs. Burnham.

BARTH, Receiver, Appellant, vs. BURNHAM, Respondent.

*January 12 — February 2, 1900.*

*Attachment: Commencement of action: "Issuing" writ or summons: Presumptions: Affidavit: Collateral attack: Residence.*

1. Considering secs. 2591, 2630, 2730, Stats. 1898, and Circuit Court Rule VI together, the word "issuing," as used in sec. 2730, refers to the actual delivery of the writ of attachment or summons to the sheriff to be executed.

2. A finding that an action was commenced on a certain day does not necessarily mean that the summons was *issued* on that day, and where a writ of attachment was issued at an earlier day than the date of the return of service of the summons, in the absence of some evidence to the contrary the presumption is that the issuance of the summons was either simultaneous with that of the writ, or that the former antedated the latter; and a finding as to when the action was commenced refers to the acquiring of jurisdiction by

the court requisite to the rendition of judgment under sec. 2629, Stats. 1898.

3. The mere date of the verification of the complaint, alone, is of very little significance as proof of when the action was commenced, and in the absence of evidence to the contrary the circumstance that a writ of attachment was issued at an earlier date would raise an inference that the issuance of the writ did not antedate that of the summons.

4. Under sec. 2731, Stats. 1898, governing writs of attachment, it is not necessary for the affidavit to *show* the facts required; it is sufficient if the affidavit contain the statement required, as a condition of the issuance of the writ, in the very language of the statute.

5. When the affidavit complies literally with the statutory requisite to the writ, the right thereto is absolute, whether the affidavit is true or false.

6. The right to challenge the truth of allegations of an affidavit for a' writ of attachment is given by statute to the defendant, or his assignee for the benefit of creditors, to be exercised in the action; hence, in a separate action brought by another creditor to determine the priority of attachment liens, such affidavit cannot be attacked collaterally, if good on its face, except for fraud or collusion.

7. The mere fact that a defendant had a residence in Wisconsin at some time before a writ of attachment was issued does not conclusively establish that it continued to that time.

8. Where a writ of attachment was issued, based on an affidavit alleging nonresidence of defendant, the mere fact that the officer made a substituted service of the summons at defendant's usual place of abode some days after the writ issued does not conclusively destroy the allegations of the affidavit.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Equitable action to determine the priority of attachment liens on real estate. Defendant commenced a tort action against John B. Koetting, in which he caused the property in question to be attached. The writ of attachment was issued on an affidavit containing the following as a ground therefor: ʻA cause of action sounding in tort exists in favor of plaintiff, *Charles T. Burnham,* and against the defendant, John B. Koetting. The damages sustained exceed the sum

of fifty dollars, to wit: the sum of twenty-nine hundred and three and $\frac{9}{100}$ (2,903.09) dollars. The said John B. Koetting, up to the 21st day of July, A. D. 1893, resided and had a domicile within the city of Milwaukee and state of Wisconsin. During the night of the 21st day of July, as the affiant is informed and believes, the said John B. Koetting departed from the state of Wisconsin with the intention of not returning to said state. Said Koetting has not returned to the said state of Wisconsin, but has ever since said day remained without said state with the intention of remaining away from said state permanently, as the affiant is informed and believes. The affiant alleges that the residence of said John B. Koetting is unknown and cannot with due diligence be ascertained.' Subsequent to the attachment made as aforesaid, plaintiff commenced an action to recover an amount claimed to be due from Koetting on contract, in which he caused a writ of attachment to be issued and the property in controversy to be attached. The ground for the issuance of the writ was that Koetting had absconded from the state to the injury of his creditors. Both actions proceeded to judgment. Such proceedings were taken to enforce the judgment in the second action, and the attachment lien acquired therein, that the interest of Koetting in the real estate attached, at the time of the attachment, was duly sold and the sale in due time perfected by the making and delivering to plaintiff, the purchaser, of a sheriff's deed. This action was brought by plaintiff, claiming the title under such sheriff's deed superior to the attachment lien of defendant, and to remove the cloud upon such title caused by such attachment lien. The court found the facts above detailed and sustained defendant's attachment as being first in time and paramount to the title of plaintiff under his sheriff's deed. Judgment was rendered accordingly.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, counsel, and oral argument

by *F. C. Winkler*. They contended, *inter alia*, that where the statute of attachment (sec. 2731, Stats. 1898) requires a *statement* it means a positive statement, made upon knowledge. *Talbot v. Woodle*, 19 Wis. 174; *Hawes v. Clement*, 64 Wis. 152; *Eureka S. H. Co. v. Sloteman*, 67 Wis. 118; *Streissguth v. Reigelman*, 75 Wis. 212. As a general rule an affidavit for attachment on information and belief is insufficient. *Archer v. Claflin*, 31 Ill. 306, 316; *Syndicate des C. des O. a F. v. Currie*, 72 Ill. App. 122; *Claflin v. Baere*, 57 How. Pr. 78; *Bennett v. Edwards*, 27 Hun, 352; *Yates v. North*, 44 N. Y. 271; *Deupree v. Eisenach*, 9 Ga. 598; *Neal v. Gordon*, 60 Ga. 112; *Powers v. Hurst*, 3 Blackf. 229.

For the respondent there was a brief by *Rogers & Mann*, attorneys, and *Quarles, Spence & Quarles*, of counsel, and oral argument by *Charles Quarles*.

MARSHALL, J. The first error assigned is that the finding of fact, that the action of *Burnham v. Koetting*, in which the writ of attachment was issued, was commenced August 5, 1893, is contrary to the evidence; that the finding should have been that the action was commenced August 11, 1893, and after the levy was made on which the title of plaintiff is based. The only evidence of when the *Burnham* action was commenced is the circumstance that the writ of attachment was issued August 5, 1893, the finding in that action that it was commenced August 11, 1893, the return of the sheriff showing that the service of the summons and complaint was made on that date, and the date of the verification of the complaint, August 9, 1893. Sec. 2730, Stats. 1898, provides that, "The writ of attachment shall be issued on the request of the plaintiff, by the clerk of the court, either at the time of the issuing of the summons in the action or at any time thereafter before final judgment." Sec. 2591 provides that, "The clerks of the several courts of record may deliver to any attorney of their respective courts blank

process and seals, to be used in sealing process, under such rules as may be prescribed by the supreme, circuit, county or other courts of record." Rule VI of the Circuit Court Rules extends the benefit of that statute to all process, whether mesne, intermediate, interlocutory, or final, which may be requisite for the carrying on of any action in a court of record or the enforcement of its order or judgment. Sec. 2630 provides that the summons may be issued by the party or attorney in the action. Considering these several statutes together, it is plain that the word "issuing" as used in sec. 2730 refers to the actual delivery of the writ of attachment or summons to the sheriff to be executed. That is consistent with *Bell v. Olmsted*, 18 Wis. 69, and *Cummings v. Tabor*, 61 Wis. 185. When the first case was decided the language of the statute was, "The writ of attachment may issue at the time of the commencement of the action or at any time thereafter before final judgment," yet it was held that the actual commencement of the action, within the meaning of sec. 2629, which provides that an action shall be commenced by the service of a summons, was not intended by the language of sec. 2730, though that was the literal meaning of the term and what is ordinarily understood by it, except in regard to the running of the statute of limitations which is governed by a special statute. As reasoned by the court in the *Bell Case*, if service of the summons were required to precede the service of a writ of attachment, the remedy would be useless. So a conclusion was reached that a delivery of the summons to the officer, for the purpose of having it served upon the adverse party, is the commencement of the action, intended by the language regarding the time when the writ of attachment may issue. Thereafter the statute was changed by substituting the term "issuing of the summons in the action" for "commencement of the action." Now, clearly, the issuance of the writ and of the summons may be simultaneous acts. The word

"issuing," as used in the section, refers to the mere delivery of the process to the officer to be executed. True, the statute says the writ may be issued by the clerk on request, but as the attorney may obtain blank signed and sealed process, to be filled up and used as occasion may require, the writ really issues in contemplation of the statute (sec. 2730) when it is delivered to the officer for execution. Give to the statute any other interpretation and the issuance of the writ and that of the summons at the same time will be impracticable. The finding in the *Burnham* case that the action was commenced August 11, therefore, does not necessarily mean that the summons was issued on that date. That term refers properly to the time when the summons was issued and also when it was served. In the particular case, as the date of the service of the summons and the finding of the court as to when the action was commenced correspond, yet the writ of attachment was issued at an earlier day, it is considered that, in the absence of some evidence to the contrary, the presumption is that the issuance of the summons was either simultaneous with that of the writ, or that the former antedated the latter, and that the finding as regards when the action was commenced refers to the jurisdiction of the court requisite to the rendition of judgment under sec. 2629.

We have not overlooked the fact that the complaint in the *Burnham* case was verified August 9, 1893, and that according to the sheriff's return the summons and complaint were served together, and that it was said in *Cummings v. Tabor*, *supra*, on the facts of that case, that the service of a summons and complaint attached together as one paper raised a presumption that the summons was issued at the date of the verification of the complaint. That will not hold good as a universal rule, for, obviously, a complaint may be verified before or after the issuance of the summons. The mere date of the verification of the complaint, alone, is

of very little significance as proof of when the action was commenced. If a summons and complaint be joined together and so served, there may be a presumption that they were delivered to the officer in that condition. In the absence of evidence to the contrary the inference would be that the issuance of the summons did not antedate the date of the verification. But the circumstance that a writ of attachment is issued in such an action at an earlier date would raise an inference that the issuance of the writ did not antedate that of the summons. The two inferences would conflict and the court would be required to determine the correct inference. On the whole situation of this case we cannot say that the finding of the trial court, that the *Burnham* action was commenced August 5, 1893, that is, that the summons was issued on that day, is wrong. There is at least no clear preponderance of evidence against it. The finding of the court in the *Burnham* case, which counsel for appellant refers to with confidence as conclusive of the question, pretty clearly refers, as before indicated, to the actual service of the summons and not to the issuance thereof.

The next contention is that the affidavit for the writ of attachment does not comply with the statute authorizing such a remedy in a tort action, in that it does not show the requisite ground therefor. Sec. 2731, Stats. 1898, governing the subject, says the writ may issue if the affidavit state, *not show*, that "the residence of the defendant, or one of the defendants, is unknown and cannot with reasonable diligence be ascertained." The affidavit in question complies literally with that requirement. True, it contains other statements to the effect that at a time prior to the issuance of the writ the defendant was a resident of Milwaukee, which might be true and it be also true that his residence at the date of the affidavit was neither known nor could with reasonable diligence be ascertained. The fact is that the affidavit, in the very language of the statute, contained

the statement required as a condition of the issuance of the writ.

It is further contended, in effect, under two heads, that the positive statement, regarding the residence of Koetting being unknown and that it could not be ascertained by reasonable diligence, referred to his mere absence from the city, or that it was false; and in either case that the attachment is not valid. The answer to the first proposition is that there is no necessary connection between the clause in the affidavit regarding want of knowledge or means of knowledge of Koetting's residence and the statement preceding; and as the former complies literally with the statutory requisite to the writ, the right thereto was absolute whether the affidavit were true or false. *Davidson v. Hackett,* 49 Wis. 186; *Hubbard v. Haley,* 96 Wis. 578.

The answer to the second proposition is that the right to challenge the truth of the allegations of the affidavit is given by statute to the defendant or his assignee for the benefit of creditors, to be exercised in the action. It cannot be attacked collaterally, if good on its face, except for fraud or collusion (*Rice v. Wolff,* 65 Wis. 1); and the evidence is not clear that the court was wrong on the question of whether *Burnham* wilfully swore falsely for the purpose of securing a writ of attachment, and gaining a preference over other claimants against Koetting. Doubtless, mere absence from the state did not constitute Koetting a nonresident within the meaning of the attachment statute, if he in fact had a dwelling place within the state, whether domiciled here or not, where service could have been made so as to give the court jurisdiction to render a personal judgment against him. The mere fact that he had such a residence some time before the writ was issued does not conclusively establish that it continued till August 5, 1893, or that *Burnham* knew the facts or could, by reasonable diligence, have ascertained them. Neither does the mere

fact that the officer made a substituted service of the summons some days after the writ was issued conclusively destroy the allegations of the affidavit. If they are untrue, so as to render *Burnham* guilty of such fraud as would avoid the attachment, he was guilty of perjury. The evidence is not such as to enable us to reach that conclusion against the finding of the trial court.

The foregoing covers all the questions presented that appear to be material to the appeal.

*By the Court* — Judgment affirmed.

