**SECURITY STATE BANK & TRUST CO. v. HIGGINBOTHAM BROS. & CO.
(No. 10106.)**

(Court of Civil Appeals of Texas. Fort Worth. Feb. 10, 1923.)

1. **Garnishment** ⚫—1—Proceedings strictly construed in favor of garnishee.

Proceedings in garnishment are to be strictly construed in favor of the garnishee.

2. **Garnishment** ⚫—1—Garnishee's liability limited by express provisions of statute.

The extent of a garnishee's liability is to be measured and limited by the express provisions of the statute.

3. **Garnishment** ⚫—178 — Default judgment against garnishee erroneous where writ was not dated.

Default judgment for plaintiff against garnishee *held* erroneous, in that the writ of garnishment was not dated as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 277.

4. **Garnishment** ⚫—96—Return on writ held defective for failure to show that the president of each of the garnishees was served in person.

Where writ of garnishment named three garnishees and directed service of writ on the president or cashier of each, the officer's return thereon stating that the writ was delivered "to the within named garnishee the C. National Bank, F., its president, the L. State Bank, S., its president, the S. Trust Company, M., its president, and person at Lubbock in Lubbock county, Texas" *held* defective, in that it failed to show that each of the presidents of the three garnishees was served in person.

Error from Callahan County Court; J. R. Black, Judge.

Suit by Higginbotham Bros. & Co. against R. M. Boyd, in which the Security State Bank & Trust Company and others were garnisheed. A default judgment for plaintiff against named garnishee, and the named garnishee brings error. Reversed and remanded.

R. A. Sowder, of Lubbock, for plaintiff in error.

Virgil Hart, of Cross Plains, for defendant in error.

CONNER, C. J. Higginbotham Bros. & Co., a corporation, instituted suit on May 26, 1921, in the county court of Callahan county against R. M. Boyd, a resident of Lubbock

---

county, to recover on a promissory note of the latter in the sum of $196.16. At the date of filing its petition, the plaintiff filed its affidavit and bond in garnishment against the Citizens' National Bank of Lubbock, the Lubbock State Bank of Lubbock, and the Security State Bank & Trust Company of Lubbock. A writ of garnishment was issued by the clerk of the county court of Callahan county and returned by the sheriff of Lubbock county, which writ and its return will be more particularly noticed hereafter. At the October term in 1921, judgment was rendered against the defendant Boyd for $324.75. On the same day a judgment in garnishment for a like sum was rendered against the Security State Bank & Trust Company of Lubbock. The judgment against the garnishee named recited that the writ of garnishment had been served but that said defendant in garnishment had not answered, and the judgment against this garnishee was by default. The other garnishees named in the writ were discharged upon their answers. From such judgment by default the garnishee, the Security State Bank & Trust Company of Lubbock, has duly prosecuted this writ of error.

[1-4] It is uniformly the rule, under the decisions of this state, that proceedings in garnishment are to be strictly construed in favor of the garnishee, and that the extent of the garnishee's liability is to be measured and limited by the express provisions of statutory law. Gause v. Cone, 73 Tex. 241, 11 S. W. 162; Planters' & Mechanics' Bank v. Floeck, 17 Tex. Civ. App. 418, 43 S. W. 589. Considering the record in the light of this rule, we think the judgment below against the plaintiff in error was erroneous, and that it must be reversed, first, because the writ of garnishment is not dated as required by the express provision of article 277, V. S. Tex. Civ. Statutes; and, second, because the return of the officer is defective. The writ, omitting formal parts, directs the sheriff or any constable of Lubbock county—

"forthwith to summon the said the Citizens' National Bank of Lubbock, Texas, by delivering to its president or cashier a copy of this writ, the said Lubbock State Bank of Lubbock, Texas, by delivering to its president or cashier a copy of this writ, and the said Security State Bank & Trust Company by delivering to its president or cashier a copy of this writ, if to be found within your county, to be and appear before the said court at the next term thereof," etc.

The officer's return is as follows:

"Came to hand on the 28th day of May A. D. 1921, at 9:45 o'clock a. m., and executed on the 28th day of May A. D. 1921, at 10 o'clock a. m., by delivering to the within named garnishee the Citizens' National Bank, Frances Baker, its president, the Lubbock State Bank, O. L. Slaton, its president, the Security & Trust Company, C. E. Maedgen, its president, and person at Lubbock in Lubbock county, Texas, a true copy of this writ. The distance actually traveled in the execution of such process —— miles."

It can only be said by implication from the sheriff's return that the command of the writ of garnishment was observed as to any one of the garnishees therein named by service upon the president or cashier of the bank or trust company, and is certainly deficient in that it fails to show that each of said presidents, including the president of the plaintiff in error, was served "in person." A similar return was considered by the Supreme Court in the case of Insurance Co. v. Friedman Bros., 74 Tex. 56, 11 S. W. 1046. In that case the Friedman Bros., being judgment creditors of one J. C. McDonald, caused an affidavit to be made that the insurance company of North America and another insurance company were indebted to McDonald, with a view to obtain a writ of garnishment. The return on the writ was—

"executed on the 3d day of May, 1883, by delivering to the within named garnishee in person a true copy of this writ."

It was held that—

"This return was fatally defective, and had the writ been sufficient would not have authorized any action against either of the insurance companies, that were in fact corporations," citing Insurance Co. v. Seeligson, 59 Tex. 3; Railway Co. v. Rider, 45 Md. 24; Drake on Att. 451d; Wade on Att. 363.

We conclude that, for the errors noted, the judgment below against plaintiff in error must be reversed, and the cause remanded.