THE STATE, DEFENDANT IN ERROR, v. WILLIAM H. BROWN, PLAINTIFF IN ERROR.

Argued January 18, 1927—Decided August 4, 1927.

1. A writ of error, when a writ of right, is issued when it is delivered to the court to which it is addressed; and when such writ, prepared by an attorney in his office, is dated prior to the date of the entry of judgment, that fact alone does not invalidate it.

2. Defendant was indicted for carnal abuse of a woman child under the age of sixteen years on the 28th day of June, and at the

trial, the court permitted an amendment to the indictment charging two separate acts of carnal abuse, one about the middle of June and the other about the middle of July—*Held*, that the allowance of the amendment, charging two separate offenses, when the grand jury, by the indictment found by it, charged a single offense, was harmful error.

On error to the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the plaintiff in error, *Merritt Lane.*

For the state, *John Milton,* prosecutor of the pleas, and *Aloysius McMahon,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff was convicted in the Hudson County Quarter Sessions of carnal abuse committed upon the body of one Dorothy Ebeling, a girl under the age of sixteen years, and he has sued out the present writ of error to review the validity of that conviction.

When the case was called for argument before us counsel for the state moved to dismiss the writ of error upon the ground that it was improvidently issued, for the reason that it is tested on the 5th day of March, 1924, while judgment was not entered upon the verdict until the 6th day of that month, and that, consequently, at the time of issuing the writ there was nothing that could have been brought before this court. We see nothing in the facts stated which would justify the granting of the application of counsel for the state. The preparation by an attorney of a writ of error in his office, including the date, does not, in our opinion, constitute the issuing of the writ. In Webster's Dictionary the meaning of "issuing," so far as it is applicable to the present situation, is stated to be this: "To send out officially; to deliver by authority; as to issue an order, to issue a writ." In our opinion, a writ of error, when a writ of right, is issued when it is delivered to the court to which it is addressed, and there

is nothing in the record of this case which shows that the delivery of the present writ to the Court of Quarter Sessions preceded the entering of the judgment which is now sought to be reviewed.

The charge laid against the plaintiff in error in the indictment presented against him was that on the 28th day of June, in the year of 1922, he committed an assault upon one Dorothy Ebeling, and did then and there unlawfully and carnally abuse her, and then and there did unlawfully have carnal knowledge of the body of said Dorothy Ebeling, she being then and there a woman child under the age of sixteen years, &c. It appeared at the trial in the proofs submitted by the state that there had been at least two separate acts of carnal abuse committed upon this girl by the defendant, one about the middle of June and the other about the middle of July; and, this having appeared, the assistant prosecutor, at the close of the state's case, contended that the state was entitled to have the jury pass upon the question of the guilt of the defendant as to each of these alleged acts, although only one of them was charged against him in the indictment. The court thereupon, over the objection of counsel for the plaintiff in error, directed the indictment to be amended so as to include both dates; that is, the date in June and the date in July. The case having been submitted to the jury, it returned its verdict as follows: "The said defendant is guilty of carnal abuse."

The amendment of the indictment, and the conviction had upon it as amended, are made the principal grounds of attack upon the conviction now before us, the contention being that, by this verdict, the plaintiff in error was found guilty of two separate violations of the criminal law, whereas only one of such violations was charged against him in the indictment presented by the grand jury. A similar situation was presented in the case of *State* v. *Sing Lee*, 94 *N. J. L.* 266. The indictment in that case charged the offense of carnal abuse committed by the plaintiff in error on a certain date. The trial court permitted an amendment so as to charge a similar crime committed on two other dates, neither of which was mentioned in the indictment presented by the

grand inquest. The Court of Errors and Appeals reversed the conviction, declaring that, by the amendment, the defendant was charged with the commission of separate crimes of like character, whereas the indictment of the grand jury was predicated upon the commission of a single offense. The court, after pointing out this, stated that the error in permitting such an amendment was too glaring to justify any further comment, and that the substitution of two offenses for one was, in effect, to add a count to the indictment, and was, consequently, prejudicial to the defendant's defense upon the merits. We think that the present case is controlled by the principle laid down in that which has been cited. It is argued on behalf of the state that this case is to be distinguished from that which we have cited, because of the fact that the trial court in the charge to the jury instructed it that it should not be misled by the fact that the indictment as amended included two offenses, for the only offense with which the defendant stood charged was a single offense of carnal abuse. But this statement was, of course, contrary to the fact. Moreover, it appears that, after the jury had retired, it returned into court for further instructions upon the following point, namely, "whether we can find the defendant guilty on either charge without embracing both." The court thereupon stated, in repetition of what had already been said upon this point, that there was only one charge of carnal abuse in the indictment, and that, if its verdict should be guilty, it should be *guilty as charged*. The result of the instruction was that the verdict returned was that which has already been set out, and that verdict was exactly the same as was returned by the jury in the Sing Lee case.

We conclude that the ground for differentiation suggested by counsel for the state is without merit, and that, for the reason indicated, the conviction under review should be reversed.