### HUFSTEDLER v. HARRAL.
### No. 3900.

Court of Civil Appeals of Texas. Amarillo.
Oct. 26, 1932.

Rehearing Denied Nov. 23, 1932.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant.

Bean & Klett, of Lubbock, for appellee.

MARTIN, J.

On October 3, 1931, appellee Harral filed suit against one J. L. Hart, Jr., declaring upon a series of vendor's lien notes and asking for a foreclosure of his lien upon certain land described in his petition. The appellant appears to have been the lessee of Hart under a contract providing for certain payments in cash each year for the use of the land. An application and affidavit for a writ of garnishment against appellant Hufstedler was filed by appellee and a writ of garnishment was issued and duly served. On November 3, 1931, a judgment by default was taken against Hart for the sum of $3,640, with a foreclosure of the lien aforesaid. Thereafter said land was sold, the sheriff's return reciting the sale of the land to appellee on his bid of $100. February 17, 1932, judgment by default was taken against appellant as garnishee for $1,000 and costs. On February 22, 1932, appellant filed his original motion to set aside the judgment and for new trial, and on March 31, 1932, he filed an amended motion for a new trial which, for the purposes of this opinion, will be regarded as having stated a meritorious defense which, if true, would have defeated a judgment herein against him.

The motion was overruled, from which order this appeal was taken.

The particular objection urged below and brought forward on this appeal was that the district court was without jurisdiction to render a judgment by default against appellant because the writ of garnishment was issued on the 2d day of October, 1931, one day before the application for garnishment was filed and the bond approved by the clerk.

The writ of garnishment on its face bears the following attestation: "Given under my hand and seal of said Court at office in Lubbock, Texas, this the 26th day of September, 1931. Chas. B. Metcalfe, Clerk, 99th District Court, Lubbock County, Texas." And is indorsed on the back: "Issued the 2nd day of October, 1931."

The application for writ of garnishment appears to have been sworn to on the 2d day of October, 1931. The bond bears the same date and is marked: "Approved this 3rd day of October, 1931."

Thus, it appears that if the dates appearing on the respective instruments are to be given conclusive effect, the writ of garnishment appears to have been issued before a bond was finally approved.

In explanation of these discrepancies, the attorney for appellee, on the hearing above mentioned, testified, over objection, that all papers were prepared in his office on the 26th day of September and dated as of that date; that several days elapsed before same were signed up and taken to the clerk's office; and that by inadvertence the clerk and himself failed to strike out the old date and that as a matter of fact all papers were filed in the garnishment proceedings on the 2d day of October, and that the writ of garnishment was not actually issued until after the application for same had been deposited in the clerk's office and the bond actually approved and filed.

What we regard as the controlling question on this appeal is stated by appellant in his brief in the following language: "The statute specifically requiring that the writ of garnishment shall not issue until the application and bond are filed and that the writ of garnishment shall be dated and attested as other writs, it was error for the Court, in the absence of allegations of fraud, accident or mistake, to admit parol testimony to impeach and contradict the dates as shown upon said writ."

Article 4078, R. S. 1925, provides, in substance and effect, that before a writ of garnishment can issue, plaintiff shall make application therefor, signed by him, stating the facts authorizing the issuance of the writ, etc.

Article 4082 provides that such writ shall be dated and attested as other writs and may be delivered to the sheriff or constable by the officer who issued it or he may deliver it to the plaintiff or his agent for that purpose.

The real question presented is whether or not parol testimony is admissible to show when a writ of garnishment was, in fact, issued, in contradiction of the date shown on the instrument as made by the clerk.

The solution of this question turns upon the

legal meaning of the term "issued," in our opinion. The word "issued" when used as a verb, as in this case, has a fixed judicial meaning. Application has been given of its meaning in many cases, some of which we quote:

"A writ of attachment is not 'issued' until placed in the hands of the officer for execution." McMaster v. Ruby, 80 Or. 476, 157 P. 782;

"The preparation by an attorney of a writ of error in his office, including the date, does not constitute the 'issuing' of the writ; so that though the writ is dated prior to the date of verdict, it is not necessarily issued before the verdict." State v. Brown, 103 N. J. Law, 519, 138 A. 370;

"A process is not 'issued' until it is sent forth from the clerk's office under his sanction and authority and given to an officer, or to some one else to give to an officer, for the purpose of being served." Ferguson v. Estes & Alexander (Tex. Civ. App.) 214 S. W. 465;

"The term 'issue' means more than the mere clerical preparation and attestation of the writ, and requires that it should be delivered to an officer for enforcement." Bourn v. Robinson, 49 Tex. Civ. App. 157, 107 S. W. 873, 875.

See, also, Stokes v. Paschall (Tex. Civ. App.) 243 S. W. 611, 614; Schneider v. Dorsey, 96 Tex. 544, 74 S. W. 526; 22 C. J. 1081, § 1408.

Under the well-settled meaning of that term, the writ of garnishment in this case was not "issued" until actually or constructively placed in the hands of an officer for execution. Such a fact necessarily rested in and was provable by parol testimony. There is no provision of the statute for the attestation of the date of delivery to an officer by the clerk. It will be presumed that the Legislature made use of the word "issuance" in article 4078 in the sense of its settled judicial interpretation. Upon this assumption the conclusion seems inescapable that parol testimony is admissible to show the true date of "issuance." We are therefore of the opinion that whatever may be the rule in a collateral attack upon a judgment, in a direct one of the character above noted, the date on a writ of garnishment is not conclusively correct, though it may be presumptively so.

The judgment is affirmed.

### On Motion for Rehearing.

It is earnestly insisted by appellant that since the writ of garnishment in this case bore an incorrect date, it was equivalent to no date and would be ruled by the case of Security State Bank & Trust Co. v. Higginbotham Bros. & Co. (Tex. Civ. App.) 250 S. W. 790, and by the provision of article 4082, R. S., which requires that such writ shall be dated.

A somewhat analogous question arose in the construction of the article of the statute requiring a ballot to be numbered. Judge Brown of the Supreme Court, in the case of Gray v. State, 92 Tex. 396, 49 S. W. 217, held, in effect, that a ballot was not rendered illegal by virtue alone of the fact that it was incorrectly numbered, where the means of identification of the voter was available. It is held otherwise where the ballot bears no number. Johnston v. Peters (Tex. Civ. App.) 260 S. W. 911; State v. Connor, 86 Tex. 133, 23 S. W. 1103.

Stated otherwise, the letter of the law is complied with when a number is placed on the ballot, though the same be an incorrect one. So here, the letter of the law has been complied with by giving the writ a date, and it will be noticed that the statute does not require the application and bond in garnishment to be made and filed prior to the "date" of a writ, but uses instead the word "issuance," the meaning of which is discussed in the original opinion.

It is further suggested that a wrong date might mislead to his injury the adverse party. The law would doubtless grant relief in such case upon an appropriate showing. That question is not before us in this case.

The motion for rehearing is overruled.