## VCULEK v. TAYLOR.

No. 4079.

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1933.

894

Schlofman & Merchant, of Dalhart, for appellant.

J. S. Bailey, of Dalhart, for appellee.

### JACKSON, Justice.

The record discloses that Jeannette M. Taylor was the owner of section 125 in block 4 in Dallam county and on February 20, 1930, conveyed the section to Joseph C. Vculek, who executed a deed of trust on the land to secure the payment of the notes given as part of the consideration therefor. Joseph C. Vculek defaulted, the land was sold under the deed of trust in March, 1932, and Jeannette M. Taylor became the purchaser at the sale. On said date Vculek had a growing crop of wheat on the section, and declined to allow Jeannette M. Taylor to take possession or to harvest the wheat. She thereafter instituted suit in the district court against Vculek in trespass to try title, sequestered the land, and on December 6th thereafter obtained judgment for title, and Vculek was dispossessed by the sheriff.

On July 19th she, as plaintiff, instituted suit in justice court, precinct No. 2, Dallam county, against Vculek as defendant, to recover the wheat, and secured the issuance of a writ of sequestration under which the sheriff took possession, according to his return, "of approximately three hundred bushels of wheat," and placed it in plaintiff's barn, and the defendant filed a replevy bond under which he secured possession of the wheat. The defendant in justice court filed a motion to quash the affidavit and bond of sequestration, and answered by general denial, and pleaded a cross-action, claiming damages for the wrongful and unlawful issuance of the writ of sequestration without probable cause. His motion to quash was overruled, and plaintiff recovered judgment for the sum of $150, and the defendant appealed to the county court, where he again urged his motion to quash the affidavit and bond of sequestration, which was overruled, and on a trial de novo the plaintiff obtained judgment for the sum of $105, costs, etc., from which judgment this appeal is prosecuted.

. The appellant urges as error the action of the trial court in overruling his motion to quash, because the affidavit and bond show to have been filed and approved on July 20, 1932, and the writ of sequestration issued on July 19th, for which reason the writ was void.

The appellee offered testimony which was uncontroverted, that the affidavit and bond and the writ of sequestration were all filed at the same time on the same day in justice court. Appellant contends that this oral testimony was inadmissible to show that the writ of sequestration was not issued before the bond and affidavit were filed. This assignment is overruled. Hufstedler v. Harral (Tex. Civ. App.) 54 S.W.(2d) 353.

The appellant assigns as error the action of the court in overruling his exceptions and objections to special issue No. 1, because, as written, it submitted to the jury a question of law and a mixed question of law and fact, without any explanation informing the jury of the meaning of the word "title."

The issue complained of reads as follows: "When did the title to the land upon which this wheat was raised pass to Jeannette M. Taylor?' You will answer by filling in the date as you find from the evidence the facts to be." (Not answered.)

This issue is obviously subject to the objection urged, for the reason that it does submit to the jury a question of law and not a question of fact. However, the evidence shows without contradiction that the land was sold under a deed of trust in March, 1932, and was conveyed to the appellee by the trustee's deed, which was recorded in May thereafter. There is no attack on the regularity or validity of the sale by the trustee under the deed of trust, and his conveyance, as trustee, to appellee, passed the title to her when such deed was delivered, either actually or constructively, and the conveyance carried with it title to the growing crop. The submission of the issue to the jury therefore becomes immaterial. Ray v. Foutch et al. (Tex. Civ. App.) 50 S.W.(2d) 380.

The appellant assails as erroneous the

action of the court in rendering judgment against him and his bondsmen for the sum of $105, because the pleading and testimony presents an issue of fact as to the number of bushels of wheat returned to him under said replevy bond; such issue having been submitted and the jury having failed to find thereon.

The sheriff in making his return on the writ of sequestration stated that he had taken possession "of approximately three hundred bushels of wheat." The testimony shows the wheat sequestered constituted three truckloads, which was placed in the bin of appellee. She testified that she estimated the wheat sequestered to amount to approximately 350 bushels. The appellant testified that he obtained, after he replevied the wheat, two truckloads thereof, which, according to weight and measurement, amounted to but 200 bushels. Appellee contends that the estimate made by the sheriff on his return as to the property sequestered is in this proceeding binding upon the parties. Conceding this to be the law as to the number of bushels taken by the sheriff under the writ of sequestration, it does not follow that this is conclusive as to the number of bushels returned to appellant under his replevy bond.

The judgment is reversed, and the cause remanded.