IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-248-CV





STATE OF TEXAS,



 APPELLANT


vs.





FIRST INTERSTATE BANK OF TEXAS, N.A., LIENHOLDER,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 87-217-C, HONORABLE JOHN R. CARTER, JUDGE PRESIDING



 





 The State of Texas appeals from a summary judgment obtained by First Interstate
Bank of Texas, N.A., in the State's condemnation suit against land upon which the bank held a
mortgage lien. We will affirm the judgment.



THE CONTROVERSY


 Crossroads, Inc., owned in fee simple certain land in Williamson County and had
given the Bank a mortgage lien on the land to secure Crossroads' debt to the bank in the amount
of $3,214,788. (1) The State commenced condemnation proceedings against the land, seeking most but not all the land for highway purposes. The State's petition designated both Crossroads
and the Bank as "owners" of the property. (2)

 The special commissioners awarded $6,363,000 in the proceeding, making no
allocation as between Crossroads and the Bank. The State filed objection to the award and
contemporaneously deposited with the court the lump sum of $6,363,000, subject to the order of
Crossroads and the Bank. (3) Crossroads also filed objection to the commissioners' award and
moved contemporaneously, joined by the Bank, to withdraw the $6,363,000. No party objected
to withdrawal of the deposit and Crossroads received the money. Crossroads paid its $3,214,788
debt to the Bank and kept the balance. The Bank released its lien on the property. The trial court
granted the Bank summary judgment to the effect that it had no further interest in the litigation
after the extinguishing of its lien, and no liability to the State arising out of the condemnation
proceeding.

 Crossroads and the State subsequently settled and compromised their controversy
and reduced their bargain to an agreed judgment signed by the court. The agreed judgment
stipulates that Crossroads' damages for the condemnation are $3,534,337, or about half the
deposit made by the State and withdrawn by the Bank and Crossroads. The judgment awards the
State recovery of the difference from Crossroads, which has not and evidently cannot pay the
judgment debt. The Bank was not a party to the agreed judgment, having obtained previously the
summary judgment that it was not liable for the difference.

 In its appeal, the State contends the summary judgment in favor of the Bank was
erroneous because the Bank was liable for the difference under the terms of section 21.044 of the
Property Code, properly construed. That statute provides the property owner may recover
damages for any injury occasioned by the condemnor's taking possession of the property pendente
lite, in cases where it is finally adjudged that the condemnor did not have the right to condemn
the property; and the court may order the damages paid from any money deposited with the court
by the condemnor. The statute concludes with the following sentence: "However, if the award
paid to or appropriated by the property owner exceeds the court's final determination of the value
of the property, the court shall order the property owner to return the excess to the condemnor." 
Tex. Prop. Code Ann. § 21.044(b) (West 1984) (emphasis added). This statutory provision is the
basis of the State's claim against the Bank.

 The State argues the words "property owner," as used in section 21.044(b) of the
Property Code, must include mortgagees and others having less than a fee interest in the land
because the words "property owner" as used elsewhere in the condemnation statutes have been
held to include persons holding less than a fee interest. See, e.g., Elliott v. Joseph, 351 S.W.2d
879, 883-84 (Tex. 1961) (holding the term "owner," under former article 3265, section 3,
includes lessee for a term of years). We reject the theory for the reasons given below.



DISCUSSION AND HOLDINGS


 The term "property owner," or some similar term, is used throughout the
condemnation statutes. See Tex. Prop. Code Ann. §§ 21.012-.014, § 21.016 (West 1984);
§§ 21.019-.021 (West 1984 & Supp. 1993); §§ 21.041-.045 (West 1984 & Supp. 1993); § 21.062
(West 1984). It is true we must presume the legislature intended the term should have the same
meaning wherever used in the condemnation statute. See Fox v. Burgess, 302 S.W.2d 405, 407
(Tex. 1957); Hufstedler v. Harral, 54 S.W.2d 353, 355 (Tex. Civ. App.--Amarillo 1932, writ
ref'd). What single meaning shall we then impute to the term "property owner" as its presumed
meaning? 

 It is well settled in legal usage, and we believe ordinary usage as well, that a
mortgagee is not an "owner" of the property that secures his debt (A mortgagee is, of course,
owner of the debt and its incident, the security interest.). A mortgagee has no proprietary
interest, such as the right to dispose of the property, and no right of possession unless and until
he acquires them by foreclosure of his lien. Pearce v. Stokes, 291 S.W.2d 309, 312 (Tex. 1956);
Humble Oil & Ref. Co. v. Atwood, 244 S.W.2d 637, 640 (Tex. 1951); Carroll v. Edmondson, 41
S.W.2d 64, 65 (Tex. Comm'n App. 1931, judgm't adopted); Madison Rayburn, Texas Law of
Condemnation § 79, at 289 (1960); John Huffaker, Note, Condemnation--The Mortgagee's Interest
in the Condemnation Award For a Partial Taking of the Mortgaged Property, 4 Tex. Tech L.
Rev. 405, 406 (1973). A mortgagee could not, for example, be a "property owner" entitled to
recover moving expenses as damages under section 21.043(a) of the Property Code.

 Moreover, we believe our courts have implicitly recognized that the legislature
presumably intended the legal sense of the term "property owner" throughout the condemnation
statutes. The courts have implied as much by the weighty justifications they have given for
departing from that presumed meaning in particular instances.

 For example, the condemnation statutes require that the "property owner" be
designated in the condemnor's petition and require that he be given compensation for the taking
or damaging of his property. See Tex. Prop. Code Ann. §§ 21.012(b)(3) (West 1984); §§ 21.041,
21.042 (West 1984 & Supp. 1993). Under predecessor statutes, the courts held that a lien holder
was a "property owner" entitled to appear and recover damages in the condemnation suit for
injury to his interests. The courts that held to this effect did not do so because they believed the
legislature intended that the words "property owner," as used in the condemnation statutes,
included owners of interests in the land less than a fee interest. Rather, the courts reasoned that
holders of non-fee interests were presumably excluded from the term "property owner" as used
in the condemnation statutes, but they could come within that term by judicial construction of a
particular statute when that was necessary to avoid an absurd result.

 The courts reasoned as follows, for example, in deciding whether a lienholder was
an "owner" of property under the statutes requiring payment of compensation when "property"
is taken. A lienholder's interest is entirely unaffected by the final judgment in a condemnation
suit if he is not a party. His lien survives as an encumbrance against the property and an
impediment to the progress of the intended improvement. The condemnor might, of course,
maintain a separate condemnation action against the lienholder, but this would be unnecessarily
expensive and contrary to the public interest in resolving in a single suit the claims of all persons
entitled to damages by reason of the taking. Consequently, the lienholder may be treated as a
"property owner" so as to permit a single suit, "because only when every interest of every
character in the land is acquired can the property be devoted fully and without restraint or
interference to the public purpose." Houston N. Shore Ry. v. Tyrrell, 98 S.W.2d 786, 793 (Tex.
1936); see also Glade v. Dietert, 295 S.W.2d 642, 646 (Tex. 1956); Aggs v. Shackleford Co., 19
S.W. 1085, 1087 (Tex. 1892); Acree v. State, 47 S.W.2d 907, 909 (Tex. Civ. App.--Waco 1932,
writ dism'd). This justifying rationale is entirely unnecessary and irrelevant except as against a
presumption that the words "property owner," as used in the condemnation statutes, do not
include lienholders. Consequently, this presumption prevails absent a reason, such as that given
in Tyrrell and Dietert, for departing from the presumption by judicial construction. See, e.g.,
Langston v. State, 315 S.W.2d 90, 92-93 (Tex. Civ. App.--Waco 1958, no writ) (holding
mortgagee not a "property owner" whose absence from suit will render condemnation void). 

 With regard to section 21.044(b) of the Property Code, we find no similar
justification for departing from the presumption that the term "property owner," as used therein,
excludes mortgagees. Section 21.044(b) operates in conjunction with section 21.021, the latter
being a provision that allows a condemnor to acquire possession of the property pending further
litigation after the commissioners' award. Section 21.021 originated in an enactment for a specific
purpose--to meet an emergency in "[t]he fact that great enterprises are necessarily delayed and
hindered in their right to enter upon and take possession of property by the present condition of
our law . . . ." Act of April 15, 1899, 26th Leg., R.S., ch. LXX, § 3, 1899 Tex. Gen. Laws
105, 106 (since amended). Under this enactment, the condemnor might obtain possession of the
condemned property pendente lite, provided he deposited twice the amount of damages fixed by
the commissioners. Id. § 1. Otherwise, the statutory arrangements are basically the same in
section 21.021, which requires deposit of the money "subject to the order of the property owner." 
Tex. Prop. Code Ann. § 21.021(a)(1) (West 1984). That the deposit must be made "subject to
the order of the property owner" implies that the deposit must be unqualified and unconditional,
the condemnor bearing any risk of loss occasioned by an irregular disposition of the money. City
of San Antonio v. Astoria, 67 S.W.2d 321, 323 (Tex. Civ. App.--San Antonio 1933), aff'd, 96
S.W.2d 783 (Tex. 1936); Julius L. Sackman, 6 Nichols' The Law of Eminent Domain § 26.61 at
26-563 (3d ed. 1990). Unless those be the terms of the deposit, the condemnor has not paid
compensation before the taking of the land, as the constitution requires. Tex. Const. art. I, § 17.

 But the condemnor is not without protection against the risk involved. He may
simply orchestrate his project so that he does not require possession in advance of a final
judgment. He may object to the property owner's withdrawal of the deposit if he fears any
irregular disposition of the money or if he believes the final damages fixed by the court will
exceed the amount deposited, coupled with a chance that the property owner might not be able to
repay the excess withdrawn. Indeed, it is said that the condemnor has a duty to object and protect
himself in such circumstances. Wynnewood Bank & Trust v. State, 767 S.W.2d 491, 496 (Tex.
Civ. App.--Dallas 1989, no writ). Given that a mortgagee ordinarily has no right of possession
and, that the deposit is for the benefit of the condemnor who has sufficient means of protecting
himself against any loss, we see no justifying rationale for our construing section 21.044(b)
contrary to its presumed meaning, which excludes mortgagees from its scope. We hold
accordingly.

 It may be the State contends alternatively that the Bank has an equitable obligation
to repay the excess of the withdrawn deposit over the amount fixed as damages in the agreed
judgment. The State does not make this argument explicitly, but does place great emphasis upon
a statement in Wynnewood that a lienholder's security interest is transferred to the deposit when
it is placed in court by the condemnor. (4) Wynnewood deals with such a theory. Consistent with
Wynnewood, however, we hold the State is not entitled to recover in equity because there is no
showing that the State exercised reasonable diligence to protect itself by the means available to
it. Wynnewood Bank & Trust, 767 S.W.2d at 496-97.

 Accordingly, we affirm the judgment below.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: March 2, 1994

Publish

1. We have simplified the facts of the case considerably in the interest of clarity. The facts
stated permit a discussion of the theories advanced by the parties in their briefs.
2. Section 21.012(b) of the Property Code requires that the condemnor's petition "describe
the property to be condemned" and "state the name of the owner of the property if the owner
is known." Tex. Prop. Code Ann. § 21.012(b)(1), (3) (West 1984). The property described
in the State's petition was the real property owned in fee simple by Crossroads. It is
undisputed that the Bank owned no interest in the land apart from the security interest of
its mortgage lien.
3. Section 21.021 of the Property Code establishes a means by which the condemnor may
enter upon and obtain possession of the condemned property between the time of the
commissioners' award and the conclusion of any further litigation. The condemnor may
obtain the right of possession for the period indicated if the condemnor either (1) "pays to
the property owner the amount of damages and costs awarded by the special commissioners" or
(2) "deposits that amount of money with the court subject to the order of the property owner . .
. ." Tex. Prop. Code Ann. § 21.021(a)(1) (West 1984) (emphasis added). In the present case,
the State chose the second alternative of depositing the money with the court subject to the order
of Crossroads and the Bank.
4. We adhere, of course, to our construction of the relevant statutes as set out in the
foregoing part of the text. Our alternative holding refers to a matter urged vigorously in the
State's brief. When the mortgagee is made a party to the condemnation suit, and has only
a security interest in the property, it is said that his rights against the property are
supplanted by the condemnor's deposit but follow in equity the award of the special
commissioners. The mortgagee is then entitled to the first of any proceeds realized, to the extent
of the unpaid debt when the whole of the property is taken, or to the extent of any impairment of
his security interest when only a part of the property is taken. See generally Julius L. Sackman,
2 Nichols' The Law of Eminent Domain § 5.18 (3d ed. 1990); Huffaker, supra; Harold Don
Teague, Condemnation of Mortgaged Property, 44 Tex. L. Rev. 1535 (1966); Recent cases,
Eminent Domain--Rights of a Mortgagee, 11 Tex. L. Rev. 387 (1933). These authorities also
discuss the interesting question of how any impairment of the mortgagee's security interest should
be measured in a partial taking. That issue is not material here.


 We are uncertain why the State emphasizes the transfer of the mortgagee's security interest
from the property to the commissioners' award. This proposition does not seem to bear on the
question of whether the legislature intended the words "property owner" to include mortgagees
by its use of the words in section 21.044(b) of the Property Code. And the Bank makes no claim
against the condemned property; it urges indeed that its interest has been satisfied entirely by the
first proceeds from the award to which its rights had been transferred in equity. As mentioned
in the text, it may be that the State claims a right of restitution in equity--a claim we reject for the
reason given.