[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised by the defendant's motion to dismiss this summary process action is when does a writ, summons and complaint "issue," within the meaning of General Statutes § 47a-23a(a).
On July 15, 1997, the plaintiff's attorney signed a notice to quit directing the defendants to quit possession of the demised premises on or before July 28, 1997. That notice was served on the defendants on July 17, 1997. On July 28, 1997, the plaintiff's attorney signed the summons and complaint in this action. Those documents were served on the defendants on August 3, 1997, and the original summons and complaint was filed with the court on August 5, 1997.
The defendants have moved to dismiss the action claiming that since the summons and complaint are dated July 28, they therefore were issued prior to the expiration of the date set forth in the Notice to Quit, in violation of General Statutes §47a-23a(a).
General Statutes § 47a-23 (a) provides in relevant part: "When the owner or lessor, or his legal representative, or his attorney-at-law or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, any trailer, or any land upon which a trailer is used or stands . . . such owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least five days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy. General Statutes §47a-23a(a) thereafter provides in relevant part: "If, at the expiration of the five days the lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner of the Superior Court may issue a writ, summons and complaint. . . . " (Emphasis added.) The parties agree that the phrase "expiration of five days" is referable to the quit date. The issue here is what is meant by "issue." The defendants CT Page 11139 contend that a writ, summons and complaint "issues" when a commissioner of the superior court signs it.
"Our resolution of this issue is guided by well established principles of statutory construction. `Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) Duni v. United Technologies Corp./Pratt WhitneyAircraft, 239 Conn. 19, 24, 682 A.2d 99 (1996).
First, we look to the words of the statute. "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. Caldor,Inc. v. Heffernan, 183 Conn. 566, 570, 440 A.2d 767 (1981)."Oller v. Oller-Chiang, 230 Conn. 828, 848, 646 A.2d 822 (1994); see General Statutes § 1-1(a)[1] "In order to ascertain the plain meaning of a word, it is appropriate to look to the dictionary definition." Washington v. Meachum, 238 Conn. 692, 714
n. 14, 680 A.2d 262 (1996).
Issue is defined as: "1 a: to go, come, or flow out b: to come forth: EMERGE c: to come to an issue of law or fact in pleading 2: ACCRUE profits issuing from the sale of the stock 3: to descend from a specified parent or ancestor 4: to be a consequence or final outcome : EMANATE, RESULT 5: to appear or become available through being officially put forth or distributed 6: EVENTUATE, TERMINATE vt 1: to cause to come forth: DISCHARGE, EMIT 2 a: to put forth or distribute usu. officially government issued a new airmail stamp~orders b: to send out for sale or circulation: PUBLISH syn see SPRING — issuer n." Webster's Ninth New Collegiate Dictionary (1991).
However, "[u]nder [General Statutes] § 1-1(a), specialized legal terms are to be construed according to their proper meaning as understood in the law." Cislo v. Shelton,40 Conn. App. 705, 712, 673 A.2d 134 (1996), rev'd on other grounds,240 Conn. 590, 692 A.2d 1255 (1997). The word "issue" qualifies as a specialized legal term. Cf. id. ("dismisses" and "not CT Page 11140 guilty" are technical legal terms.).
A definition of the verb "issue" does not appear in Connecticut case law. It is so that in New Haven Sand Blast Co.v. Dreisbach, 102 Conn. 169, 182, 128 A. 320 (1925), the court stated that patent "rights may be said to be issued by the United States in the sense that they are granted by or conferred by it or issued from it." This definition, however, does not illuminate the definition of the verb in the context in which it is used in General Statutes § 47a-23a.
In Article 3 of the Uniform Commercial Code, governing negotiable instruments, General Statutes § 42a-3-105 (a) provides: "`Issue' means the first delivery of an instrument by the maker or drawer, whether to a holder or nonholder, for the purpose of giving rights on the instrument to any person." Connecticut courts "have, `on a number of occasions . . . looked to the [UCC] as a fruitful source of analogy.'" Steelcase, Inc.v. Crystal, 238 Conn. 571, 586, 680 A.2d 289 (1996). They usually have done so, however, in cases involving commercial or business transactions. See id.; Williams Ford, Inc. v. Hartford CourantCo., 232 Conn. 559, 585, 657 A.2d 212 (1996); Normand JosefEnterprises, Inc. v. Connecticut National Bank, 230 Conn. 486,501, 646 A.2d 1289 (1994). "The code was drafted to simplify, clarify, modernize and unify the law of commercial transactions. General Statutes § 42a-1-102 (2)." Normand Josef Enterprises,Inc. v. Connecticut National Bank, supra, 230 Conn. 502. In NewEngland Yacht Sales, Inc. v. Commissioner, 198 Conn. 624, 630,504 A.2d 506 (1986), however, the Supreme Court stated that it was "worth examining the relevant sections of the sales article of the code to see what illumination they shed on the problem" of when title passes within the contemplation of General Statutes § 12-408 (1) of the Connecticut sales tax.
The definition of "issue" in General Statutes § 42a-3-105
(a) is consistent with the definition of the word "issue", as a verb, as it is used in other areas of the law, insofar as §42a-3-105 (a) contemplates "delivery". Black's Law Dictionary (5th Ed. 1979) defines "issue" as meaning: "To send forth, to emit, to promulgate; as, an officer issues orders, process issues from a court. To put into circulation; as the treasury issues notes. To send out, to send out officially; to deliver, for use, or authoritatively; to go forth as authoritative or binding. Whenused with reference to writs, process, and the like the term isordinarily construed as importing delivery to the proper person,CT Page 11141or to the proper officer for service, etc." (Emphasis added.)
This dictionary definition comports with the nearly universal meaning accorded the verb "issue", with respect to process, in other jurisdictions. The term "issue" means more than mere clerical preparation, dating, and attestation of a writ, and as applied to a citation, includes delivery to an officer or third person for delivery to an officer for service. Snell v. Knowles,87 S.W.2d 871, 876 (Tex.Civ.App. 1935); State v. Brown,103 N.J.L. 519, 138 A. 370, 370-71 (1927). "Generally, to `issue' means to deliver process to an officer charged by law with its service." DeKalb Swine Breeders, Inc. v. Woolwine Supply Co.,248 Kan. 673, 809 P.2d 1223, 1227 (1991); see State v. Moriarty,914 S.W.2d 416, 424 (Mo.App.W.D. 1996); Pilgrim Distributing Corp.v. Galsworthy, 79 Ohio App. 529, 74 N.E.2d 579, 583 (1947);Hoover Lines v. Whitaker, 22 Tenn. App. 223, 120 S.W.2d 983, 987
(1938); Louisville N. R. R. Co. v. Little, 264 Ky. 579,95 S.W.2d 253, 255 (1936), and cases cited therein; Vallon v. MorrisCleaners Dyers, Inc., 167 So. 887, 889 (La.App. 1936); LuzerneNational Bank v. Gosart, 322 Pa. 446, 185 A. 640, 641 (1936);Hufstedler v. Harral, 54 S.W.2d 353, 355 (Tex.Civ.App. 1932), reh. denied; McIntosh v. Standard Oil Co., 121 Neb. 92,236 N.W. 152, 157 (1931); Borgen v. Corty, 181 Minn. 349, 232 N.W. 512,513 (1930); Morrison v. Lewis, 197 N.C. 79, 147 S.E. 729, 730-31
(1929); Ferguson v. Estes Alexander, 214 S.W. 465, 466
(Tex.Civ.App. 1919); In re John's Estate, 253 Pa. 532, 98 A. 719-20 (1916); McMaster v. Ruby, 80 Or. 476, 157 P. 782, 784 (1916);Southern Ry. Co. v. Dickens, 163 Ala. 114, 50 So. 109-110 (1909);Marshall v. Matson, 171 Ind. 238, 86 N.E. 339, 342 (1908); Peopleex re. McCallum v. Gebhardt, 154 Mich. 504, 118 N.W. 16, 17
(1908); Webster Mfg. Co. v. Penrod, 103 Minn. 69, 114 N.W. 257-58 (1907); Oskaloosa Cigar Co. v. Iowa Central Ry. Co., 89 N.W. 1065
(Iowa 1902); Barth v. Burnham, 105 Wis. 548, 81 N.W. 809, 810
(1900); Webster v. Sharpe, 116 N.C. 466, 21 S.E. 912, 914 (1895). This court agrees and declines to follow those superior court cases holding otherwise.
"When the language [of a statute] is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent."Oller v. Oller-Chiang, supra, 230 Conn. 848.[2]
However, the date of a writ is prima facie evidence of the time it was actually issued. People ex rel. McCallum v. Gebhardt,supra, 118 N.W. 17.[3] This is a rule of convenience and is not CT Page 11142 so at odds with common practice as to when sheriffs obtain writs from lawyers for service as to be a fiction. Although the plaintiff has not sought to adduce any evidence that the summons and complaint were delivered to the serving officer on a day other than that on which the summons and complaint were signed, the rule announced here as to when process is issued is new. The proper course was unclear enough to excuse the plaintiff who was under the reasonable belief that the rule was such that he need not adduce any evidence. Castellon v. Board of Zoning Appeals,221 Conn. 374, 383, 603 A.2d 1168 (1992); Marciniak v. WaureganMills, Inc., 139 Conn. 264, 269, 93 A.2d 135 (1952); Fishman v.Middlesex Mutual Assurance Co., 4 Conn. App. 339, 353,494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57 (1985). For this reason, an evidentiary hearing shall be scheduled by counsel and the clerk of the court at any early date. If the court, in light of the evidence and the prima facie presumption, finds that the writ of summons and complaint were issued to the sheriff on the date the writ of summons was signed, the court will grant the motion to dismiss.
LEVIN, J.